**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| CENTER TO ADVANCE SECURITY IN AMERICA<br>1802 Vernon Street NW<br>PMB 2095<br>Washington, D.C. 20009,<br><br>    Plaintiff,<br><br>  v.<br><br>U.S. DEPARTMENT OF VETERAN AFFAIRS<br>810 Vermont Avenue NW<br>Washington, D.C. 20420<br><br>    Defendant. | Civil Case No. 1:25-cv-3500 |

**COMPLAINT**

1. Plaintiff Center to Advance Security in America ("CASA") brings this action against the U.S. Department of Veteran Affairs ("VA" or the "Department") under the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"), seeking declaratory and injunctive relief to compel compliance with the requirements of FOIA.

**JURISDICTION AND VENUE**

2. This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. §§ 1331.

3. Venue is proper in this Court pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e).

## PARTIES

4. Plaintiff CASA is an unincorporated association dedicated to improving the safety and security of the American people. CASA educates and informs the American people about the actions of their government and its officials that impact their safety; peace and security; democracy, civil rights, and civil liberties; and privacy.

5. Defendant U.S. Department of Veteran Affairs is a federal agency within the meaning of FOIA, 5 U.S.C. § 552(f)(1). VA has possession, custody, and control of records responsive to Plaintiff's FOIA request.

## STATEMENT OF FACTS

6. On August 19, 2024, CASA submitted two FOIA requests to VA seeking records regarding the diversion of resources to the Immigration and Customs Enforcement Health Corps.

7. One request (herein referred to as Request "A" and attached hereto as Exhibit "A"), sought records from January 1, 2023, through the date the request was processed, for:

   a. Communications to, from, or received by Denis R. McDonough, Tanya Bradsher, Shana Love-Holman, Margaret "Meg" Kabat, and Krystal M. Toles containing the following phrases and/or words: "Immigration and Customs Enforcement Health Services Corps", "immigrant", "migrant", "ICE", "undocumented", "dreamer", "noncitizen", "detainee", and "Health Services Corps".

   b. Records possessed or created by Denis R. McDonough, Tanya Bradsher, Shana Love- Holman, Margaret "Meg" Kabat, and Krystal M. Toles including records of meeting requests, virtual meeting invitations, call logs and any chats in the relevant virtual platforms (e.g., Microsoft Teams, Zoom, Webex, etc.), related to moving

      processors from the Department of Veterans Affairs to support the Immigration and Customs Enforcement Health Services Corps.

    c. Calendar entries from Denis R. McDonough, Tanya Bradsher, Shana Love-Holman, Margaret "Meg" Kabat, and Krystal M. Toles related to moving processors from the Department of Veterans Affairs to support the Immigration and Customs Enforcement Health Services Corps.

    d. Communications related to moving processors from the Department of Veterans Affairs to support the Immigration and Customs Enforcement Health Services Corps exchanged between one or more of the following people: Denis R. McDonough, Tanya Bradsher, Shana Love-Holman, Margaret "Meg" Kabat, and Krystal M. Toles and anyone identified as an employee, agent, consultant, or representative of one of the following organizations:

        i. Department of Homeland Security (@dhs.gov)

        ii. Immigration and Customs Enforcement (@ice.gov)

8. The second request (herein referred to as Request "B" and attached hereto as Exhibit "B"), sought records from January 1, 2023, through the date the request was processed, for:

    a. Communications to, from, or received by Shareef Elnahal, Alan J. Hirshberg, Dr. Steven L. Lieberman, Alfred A. Montoya, RimaAnn O. Nelson, M. Christopher Saslo, Erica M. Scavella, Ryung Suh, and Mark T. Upton containing the following phrases and/or words: "Immigration and Customs Enforcement Health Services Corps", "immigrant", "migrant", "ICE", "undocumented", "dreamer", "noncitizen", "detainee", and "Health Services Corps".

    b. Records possessed or created by Shareef Elnahal, Alan J. Hirshberg, Dr. Steven L. Lieberman, Alfred A. Montoya, RimaAnn O. Nelson, M. Christopher Saslo, Erica M. Scavella, Ryung Suh, and Mark T. Upton including records of meeting requests, virtual meeting invitations, call logs and any chats in the relevant virtual platforms (e.g., Microsoft Teams, Zoom, Webex, etc.), related to moving processors from the Department of Veterans Affairs to support the Immigration and Customs Enforcement Health Services Corps.

    c. Calendar entries from Shareef Elnahal, Alan J. Hirshberg, Dr. Steven L. Lieberman, Alfred A. Montoya, RimaAnn O. Nelson, M. Christopher Saslo, Erica M. Scavella, Ryung Suh, and Mark T. Upton related to moving processors from the Department of Veterans Affairs to support the Immigration and Customs Enforcement Health Services Corps Communications related to moving processors from the Department of Veterans Affairs to support the Immigration and Customs Enforcement Health Services Corps exchanged between one or more of the following people: Shareef Elnahal, Alan J. Hirshberg, Dr. Steven L. Lieberman, Alfred A. Montoya, RimaAnn O. Nelson, M. Christopher Saslo, Erica M. Scavella, Ryung Suh, and Mark T. Upton and anyone identified as an employee, agent, consultant, or representative of one of the following organizations:

        i. Department of Homeland Security (@dhs.gov)

        ii. Immigration and Customs Enforcement (@ice.gov)

9. The release of these documents is in the public interest because it will provide increased transparency to understand VA's decisions and communications regarding any the diversion of resources to the Immigration and Customs Enforcement Health Corps and to analyze

the frequency and costliness of redirecting resources and personnel, as well as the ethics procedures being consulted.

10. On August 22, 2024, CASA received confirmation that Requests A and B were received and were consolidated as a single request under 24-16501-F (Exhibit C).

11. As the record above indicates, over 402 days have elapsed since the federal government received CASA's request, yet VA still has not made a determination with respect to it. *See Citizens for Responsibility and Ethics in Washington v. FEC*, 711 F.3d 180 (D.C. Cir. 2013). VA has not produced responsive documents to CASA, has not communicated to CASA the scope of the documents it intends to produce or withhold—along with the reasons for any such withholding—and has not informed CASA of its ability to appeal any adverse portion of its determination.

12. Given these facts, VA has not met its statutory obligations to provide the requested records for the request.

13. Through VA's failure to make a determination within the time period required by law, CASA has constructively exhausted its administrative remedies and seeks immediate judicial review.

## COUNT I

**Violation of FOIA, 5 U.S.C. § 552**
**Wrongful Withholding of Non-Exempt Responsive Records**

14. CASA repeats and incorporates by reference each of the foregoing paragraphs as if fully set forth herein.

15. CASA's request was a properly submitted request for records within the possession, custody, and control of VA.

16.     VA is an agency subject to FOIA, and therefore has an obligation to release any non-exempt records and provide a lawful reason for withholding any materials in response to proper FOIA requests.

17.     VA is wrongfully withholding non-exempt agency records requested by CASA by failing to produce non-exempt records responsive to its requests.

18.     VA's failure to provide all non-exempt responsive records violates FOIA.

19.     Plaintiff CASA is therefore entitled to declaratory and injunctive relief requiring Defendant to promptly produce all non-exempt records responsive to its FOIA request and provide an index justifying the withholding of any responsive records withheld under claim of exemption.

## REQUESTED RELIEF

Center to Advance Security in America respectfully requests this Court:

(1) Assume jurisdiction in this matter and maintain jurisdiction until Defendant complies with the requirements of FOIA and any and all orders of this Court.

(2) Order Defendant to produce, within ten days of the Court's order, or by other such date as the Court deems appropriate, any and all non-exempt records responsive to CASA's request and an index justifying the withholding of all or part of any responsive records withheld under claim of exemption.

(3) Award CASA the costs of this proceeding, including reasonable attorney's fees and other litigation costs reasonably incurred in this action, pursuant to 5 U.S.C. § 552(a)(4)(E).

(4) Grant CASA other such relief as the Court deems just and proper.

Dated: September 30, 2025

Respectfully submitted,

CENTER TO ADVANCE SECURITY
IN AMERICA
By Counsel:

/s/Josiah Contarino

Josiah Contarino
D.D.C. Bar ID: 003962013
DHILLON LAW GROUP, INC.
50 Park Place, Suite 1105
Newark, NJ 07102
Telephone: 917-423-7221
JContarino@Dhillonlaw.com

Karin Moore Sweigart
D.D.C. Bar ID: CA00145
DHILLON LAW GROUP, INC.
177 Post Street, Suite 700
San Francisco, CA 94108
Telephone: 415-433-1700
KSweigart@Dhillonlaw.com

*Counsel for the Plaintiff*